UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS G. CAPOUS, | No. C-14-3157 EMC |
|     Plaintiff, | |
|     v. | **ORDER DISMISSING PLAINTIFF'S ACTION** |
| JOSEPHINE LOPEZ, *et al.*, | |
|     Defendants. | |

On July 31, 2010, this Court granted Plaintiff's request to proceed *in forma pauperis*, but dismissed Plaintiff's original complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim. The Court afforded Plaintiff leave to amend, however, to assert facts demonstrating that equitable tolling applied to prevent his suit from being barred by the statute of limitations. Plaintiff has since filed his amended complaint. For the following reasons, the Court **DISMISSES**, with prejudice, Plaintiff's action for failure to state a claim.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Like his original complaint, Plaintiff's first amended complaint is ambiguous as to facts underlying his dispute with Defendant. From what the Court can discern from Plaintiffs' amended complaint, sometime before 1990 Plaintiff owed the IRS "unpaid p/r income tax of approximately $18,000." FAC at 2:14-15. Plaintiff appears to have told the IRS agents that he would pay the unpaid taxes from a "progress payment" he was due to receive for contracting work he did with the Veteran's Administration in Palo Alto, California. *Id.* at 2:15. However, Plaintiff alleges that the "sneaky [IRS] Officers" went to Defendant – who is alleged to be a "Government Contract

1  Specialist," and "seized the entire amount of approximately $150,000.00 without following due
2  process of law." *Id.* at 2:16-17.  Plaintiff contends the IRS was required to notify him by registered
3  or certified mail at least 60 days before levying the funds.  *Id.*

4  Plaintiff's claims against Defendant revolve around his assertion that she was required to
5  "ask questions the [sic] IRS Agents and receive proper answers and documents before allowing them
6  to trespass on Plaintiff's property and seize the entire progress payment." *Id.* at 34:27.  Attached to
7  Plaintiff's amended complaint is a "Statement of Background Facts" which consists of Plaintiff's
8  account of what happened following the alleged seizure of his progress payment.  Plaintiff asserts
9  that he was unable to pay subcontractors, requiring him to go heavily into debt to maintain his
10 contracting business – including taking a mortgage on his home.  *See* Docket No. 14, at 10.
11 Eventually, Plaintiff lost his home in March 1990.  *Id.* Plaintiff then describes the impact these
12 occurrences had on his personal life with his family.  *Id.*  Plaintiff eventually moved to Costa Rica,
13 where he stayed until around 1998.  *Id.* at 7.

14 Plaintiff purports to advance 15 causes of action.  Many of these, however, are not causes of
15 action, but rather statements of damages or allegations of continuing impact of the tortious conduct.
16 *See, e.g.*, FAC, at 3 (cause of action 9: "The reckless breach of trust the Defendant committed is
17 continual to this day because Plaintiff is derived from the exclusive right to use and enjoy his
18 property.  Until that property is returned to Plaintiff; the civic wrong committed; continues.").  All of
19 Plaintiff's causes of action sound in tort, with the possible exception of the first, which asserts
20 "Breach of Contract with the invasion of a legally protected interest in the property of Plaintiff."  *Id.*

21 **II. DISCUSSION**

22 Under 28 U.S.C. § 1915(e)(2), a court must dismiss any case in which a litigant seeks leave
23 to proceed *in forma pauperis* if it determines that the action fails to state a claim on which relief may
24 be granted.  *Id.* § 1915(e)(2)(B)(ii).

25 Under Federal Rule of Civil Procedure 8, Plaintiff's complaint must include a "short and
26 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
27 While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to
28 state a claim to relief that is plausible on its face.'"  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th

2

Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[N]aked assertions devoid of further factual enhancement" are insufficient to state a plausible claim for relief. *Blantz v. Cal. Dep't of Corr. & Rehab*, 727 F.3d 917, 926-27 (9th Cir. 2013). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.

Plaintiff's amended complaint, like his original complaint, fails to state a claim on which relief can be granted. As described in this Court's prior order, Plaintiff seeks to recover from a government agent for injuries resulting from tortious conduct that occurred *almost twenty-five years ago*.[1] Under 28 U.S.C. § 2679:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages . . . .

*Id.* § 2679(b)(1). Accordingly, it appears that Plaintiff's exclusive remedy against Ms. Lopez or the Department of Veterans Affairs is a tort claim against the United States pursuant to the provisions of the Federal Tort Claims Act ("FTCA"). *See Saleh v. Bush*, No. 13-cv-01124-JST, 2014 WL 2110231, at *2 (N.D. Cal. May 19, 2014) ("The Westfall Act confers immunity to federal employees 'by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment.'" (quoting *United States v. Smith*, 499 U.S. 160, 163 (1991)).

---

[1] To the extent that Plaintiff seeks to assert a breach of contract action against the government, this Court lacks jurisdiction to entertain such a claim. *See In re Tractug Associates v. United States*, No. 2-83-2479 LK, 1996 WL 230765 (N.D. Cal. 1996) ("Exclusive jurisdiction over contract claims against the government in excess of $10,000 lies with the United States Court of Federal Claims.").

1    Tort actions against the government under the FTCA, in turn, "shall be forever barred unless
2 it is presented in writing to the appropriate Federal agency within two years after such claim accrues
3 or unless action is begun within six months after the date of mailing . . . of notice of final denial of
4 the claim." 28 U.S.C. § 2401(b). Further, an FTCA cause of action accrues "'when a plaintiff
5 knows or has reason to know of the injury which is the basis of his action.'" *Hensley v. United*
6 *States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (quoting *Dyniewicz v. United States*, 742 F.2d 484, 487
7 (9th Cir. 1984)). This action was filed well beyond the two-year statute of limitations.

8    As this Court noted in its prior order, the FTCA's two-year statute of limitations may, in
9 certain circumstances, be equitably tolled, at least until the Supreme Court rules otherwise. *See,*
10 *e.g.*, *Gallardo v. United States*, — F.3d — , 2014 WL 2462804, at *5 (9th Cir. June 3, 2014).
11 "'[L]ong-settled equitable-tolling principles' instruct that '[g]enerally, a litigant seeking equitable
12 tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights
13 diligently, and (2) that some extraordinary circumstances stood in his way.'" *Kwai Fun Wong v.*
14 *Beebe*, 732 F.3d 1030, 1051 (9th Cir. 2013) (en banc), *cert. granted* 134 S. Ct. 2873 (2014).

15    Plaintiff's amended complaint, like his original complaint, fails to allege any facts supporting
16 the application of equitable tolling in this action. Plaintiff argues that equitable tolling is appropriate
17 because:

> The two year period after Plaintiff first learned of his legal right to pursue Justice based on the injuries caused by the Tort, began on May 25, 2013; when a competent Attorney: Mr. Chuck in the Free Legal Clinic, informed Plaintiff that; the injuries caused by the Tort is a legal basis to suit in separate Courts the IRS and the V.A.M.C. Plaintiff's action Filed July 11 2013 is within the two year period allowed by Law.

22 FAC at 2:7-11. However, Plaintiff's argument fails to establish a ground for equitably tolling the
23 statute of limitations, let alone for over two decades. Courts have routinely found that causes of
24 action accrue when a plaintiff is aware of his injury and its immediate cause. The fact that a
25 plaintiff is unaware that the injury constitutes a *legal* harm does not prevent the statute of limitations
26 from running. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044 (9th Cir. 2008)
27 ("'We have in the past stated that a claim accrues in a federal cause of action upon awareness of the
28 injury, not upon awareness that this injury constitutes a legal wrong.'" (quoting *Oshiver v. Levin,*

*Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994)); *see also Arnold v. 1199 SEIU*, No. 09 Civ. 5576 (DLC), 2009 WL 4823906 (S.D.N.Y. Dec. 15, 2009) ("The plaintiff's ignorance of his own legal remedies, without more, is an insufficient basis for equitably tolling the statute of limitations.").

Plaintiff's "Statement of Background Facts" discusses at length the profound impact Defendant's allegedly tortious conduct has had on his life. It is thus apparent from the face of the amended complaint that Plaintiff was acutely aware of the injury, and the alleged cause of that injury, decades ago. While Plaintiff has alleged in detail the unfortunate events that he has apparently suffered over the past 20 years, these events do not rise to the level of "extraordinary circumstances" which prevented Plaintiff from pursuing his rights. *Compare Casias v. United States*, 532 F.2d 1339 (10th Cir. 1976) ("Insanity, such as constitutes a legal disability in most states, does not toll the statute of limitations under the Federal Tort Claims Act."). Accordingly, Plaintiff's failure to pursue his legal rights for over twenty years does not satisfy the "diligence" requirement for equitable tolling. *See, e.g., Hensley v. United States*, 531 F.3d 1052, 1058 (9th Cir. 2008) (noting that equitable toling does not apply "when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights").

### III. CONCLUSION

For the foregoing reasons, Plaintiff's tort causes of action will be **DISMISSED**, with prejudice, as barred by the statute of limitations. To the extent Plaintiff seeks to assert a breach of contract action, this action is dismissed, without prejudice, for lack of subject matter jurisdiction.

The Clerk is ordered to enter Judgment and close the file in this case.


IT IS SO ORDERED.


Dated: November 10, 2014

_____
EDWARD M. CHEN
United States District Judge

5